UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ISIDRO ESCOBEDO JR. and<br>JOSE ARMANDO GUARDO,<br><br>*Plaintiffs*,<br><br>v.<br><br>INFINITY TRANSPORTATION, INC.<br>and BASHAR ESSAM SHAKIR,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 2:21-CV-0055<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ISIDRO ESCOBEDO JR.** and **JOSE ARMANDO GUARDO** (hereinafter "Plaintiffs"), complaining of **INFINITY TRANSPORTATION, INC.** and **BASHAR ESSAM SHAKIR** (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

I.

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as complete diversity exists among the Parties, and Plaintiffs seek monetary damages in excess of $75,000.

2. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

II.

**PARTIES**

3. Plaintiff ISIDRO ESCOBEDO JR. is a resident of Texas.

4. Plaintiff JOSE ARMANDO GUARDO is a resident of Texas.

5. Defendant INFINITY TRANSPORTATION, INC. ("Infinity") is a foreign corporation with its principal place of business in Warren, MI. This Defendant is subject to the Court jurisdiction because its specific Texas contacts associated to the underling claims and incident justify such. This Defendant may be served with process through its registered agent, Hussam Shamaya at 3200 East 10 Mile Road, Warren, MI 48091.

6. Defendant BASHAR ESSAM SHAKIR ("Shakir") is a natural person and resident of Michigan. This Defendant may be served with process at his personal residence at 2914 Groves Drive, Sterling Heights, MI 48310.

## III.

## FACTS

7. On or about January 29, 2021, Plaintiffs suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiffs were driving east on Interstate 30 in Franklin County, Texas when suddenly and without warning their vehicle was struck from the rear by the Defendants. The impact was violent and catastrophic causing extensive damage.





8. At the time of the accident, Defendant Shakir failed to keep a proper look out and failed to yield the right of way. As a result of the above, Plaintiffs were seriously injured. Specifically, Plaintiffs injured their necks, backs, spines, heads, and other parts of their body.

9. At all relevant times, Defendant Shakir was acting in the course and scope of his employment with Defendant Infinity and acting in furtherance of a mission for Defendant Infinity's benefit and subject to its control. Additionally, Defendant Shakir was driving a vehicle owned and maintained by Defendant Infinity and was operating the vehicle under Defendant Infinity's commercial operating authority.

10. As a result of this accident, both Plaintiffs were transported from the scene via ambulance and helicopter to receive extensive emergency medical treatment.

## IV.

## CAUSES OF ACTION

A. *Negligence and Gross Negligence (Against All Defendants)*

11. Plaintiffs repeat and reallege each allegation contained above.

12. Plaintiffs sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to yield the right of way;
- Failed to operate the vehicle safely;

- Failed to properly supervise its employees;

- Failed to properly train its employees;

- Failed to prudently supervise the job;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent and grossly negligent.

13. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiffs' injuries. As a result of Defendants' negligence, Plaintiffs suffered severe physical injury. Plaintiffs are entitled to recover for their injuries.

14. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

B. *Negligence Per Se (Against All Defendants)*

15. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.062, 545.157 and 545.401.

16. Plaintiffs are members of the class that Texas Transportation Code Sections 545.062, 545.157 and 545.401 were designed to protect.

17. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.062, 545.157 and 545.401 proximately caused Plaintiffs' injuries described herein.

### PLAINTIFFS' CLAIM OF *RESPONDEAT SUPERIOR* AGAINST INFINITY

18. At the time of the occurrence of the act in question and immediately prior

thereto, Defendant Shakir was within the course and scope of employment for Defendant Infinity.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Shakir was engaged in the furtherance of Defendant Infinity's business.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Shakir was engaged in accomplishing a task for which Defendant Infinity was employed.

21. Plaintiffs invoke the doctrine of *Respondeat Superior* as against Defendant Infinity.

### AGENCY

22. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Infinity, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Infinity.

23. Therefore Defendant Infinity is liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C. *Negligent Hiring (Against Defendant Infinity)*

24. Plaintiffs repeat and reallege each allegation contained above.

25. Plaintiffs sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Shakir as a potential employee.

- Failure to properly follow up on information not provided by Defendant Shakir in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Shakir's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Shakir.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. *Negligent Training (Against Defendant Infinity)*

26. Plaintiffs repeat and reallege each allegation contained above.

27. Plaintiffs sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Shakir.

- Failure to provide the necessary training to Defendant Shakir regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Shakir, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

E. *Negligent Supervision, Retention, and Monitoring (Against Defendant Infinity)*

28. Plaintiffs repeat and reallege each allegation contained above.

29. Plaintiffs sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Shakir to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Shakir to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Shakir, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Shakir to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

F. *Negligent Entrustment (Against Defendant Infinity)*

30. Plaintiffs repeat and reallege each allegation contained above.

31. Plaintiffs sustained injuries as a result of Defendant's negligent entrustment because Defendant:

8

- Provided a vehicle and/or authority to Defendant Shakir who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

G.   *Ratification (Against Defendant Infinity)*

32. Plaintiffs repeat and reallege each allegation contained above.

33. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Shakir after he committed the underlying tortious acts;

- Knew of Defendant Shakir's tortious acts;

- Recognized that Defendant Shakir will likely continue to be negligent if he is retained;

- Recognized that Defendant Shakir will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Shakir from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Shakir's negligent and grossly negligent conduct after Defendant Infinity gained knowledge of the conduct.

34. As a result of Defendant Shakir's negligent and grossly negligent conduct, which Defendant Infinity ratified, Plaintiffs suffered severe physical injury. Plaintiffs are entitled to recover for their injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## V.

## DAMAGES

35. Plaintiff incorporates all other paragraphs by reference here fully.

36. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. Plaintiffs pray for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

37. Plaintiffs plead further for punitive damages in amount as the jury shall affix. Defendants acted with flagrant and malicious disregard of Plaintiffs' health and safety. Defendants were subjectively aware of the extreme risk posed by their acts and/or omissions, which caused Plaintiffs' injury, but did nothing to rectify them. Defendants did so knowing that their acts and/or omissions posed dangerous and grave safety concerns. Defendants' acts

and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk leading to the underlying incident and associated injuries.

## VI.

## JURY TRIAL DEMANDED

38. Plaintiffs hereby request a jury trial of this matter and has or will pay the appropriate jury fee.

## VII.

## PRAYER

For these reasons, Plaintiffs pray that Defendants be duly cited and served with this Complaint, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiffs and against all Defendants, in solido, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all such other general and equitable relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*

Kurt Arnold
Texas Bar No. 24036150
Kyle Findley

        Texas Bar No. 24076382
        Adam Lewis
        Texas Bar No. 24094099
        6009 Memorial Drive
        Houston, Texas 77007
        Telephone: (713) 222-3800
        Facsimile: (713) 222-3850
        e-service@arnolditkin.com
        kbateam@arnolditkin.com
        karnold@arnolditkin.com
        kfindley@arnolditkin.com
        alewis@arnolditkin.com

        **ATTORNEYS FOR PLAINTIFF**